TRINA A. HIGGINS, United States Attorney (#7349)
BRIAN WILLIAMS, Assistant United States Attorney (#10779)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA, | Case No. 2:23-CR-00444-DBB |
|---|---|
| Plaintiff, | NOTICE OF GOVERNMENT'S INTENT TO RELY ON THE EXPERT TESTIMONY OF FBI FORENSIC ACCOUNTANT TIMOTHY PACHECO PURSUANT TO FED. R. CRIM. PRO. 16(a)(1)(G) AND FED. R. EVID. 702 |
| v. | |
| JACOB MASCARO, | |
| Defendants. | Judge David B. Barlow |

The United States of America, by and through the undersigned Assistant United States Attorney, and pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and Rule 702 of the Federal Rules of Evidence, hereby provides to defendants the following notice relating to expert testimony the United States may offer in the trial of this case.

**Rule 16(a)(1)(G) Expert Notice and Qualifications Pursuant to Rule 702**

Rule 702 of the Federal Rules of Evidence provides that "[a] witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods;

and (d) the expert has reliably applied the principles and methods to the facts of the case. The Committee Note to the rule provides that "if the witness is relying solely or primarily on experience, then the witness must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts [of the case]." The United States provides the following proffer to fulfill the above requirements and the requirement of Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure and describes "the witnesses' opinions, the bases and reasons for those opinions, and the witnesses' qualifications."[1]

**Rule 16(a)(1)(G) Summary**

The United States will call FBI Forensic Accountant Timothy Pacheco as a summary witness to testify and answer questions about summary exhibits pursuant to Fed. R. Evid. 1006. The rule provides that "[t]he proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court."

The proponent of summary evidence under the rule "must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place." *Id*. A significant portion of Mr. Pacheco's testimony will relate to the presentation of summary evidence pursuant to Fed. R. Evid. 1006, which allows for the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence. *See e.g., United States v. Behrens*, 689 F.2d 154, 161-62 (10th Cir.), cert. denied, 459 U.S. 1088 (1982). The proponent of a summary introduced pursuant to Rule 1006 must establish the admissibility of the underlying documents as a condition precedent to introduction of the summary. *United States v. Samaniego*,

---

[1] *See United States v. Velarde*, 214 F.3d 1204 (10th Cir. 2000) (holding that a district court must make a reliability determination, but procedure for doing so within the discretion of the court).

187 F.3d 1222, 1223 (10th Cir. 1994). The underlying documents do not have to be admitted, but they must be established as admissible. *Id*. Summaries must fairly represent the underlying documents upon which they are based. *United States v. Conford*, 336 F.2d 285, 287-88 (10th Cir. 1964). The Tenth Circuit has repeatedly approved the use of Rule 1006 summaries, particularly where, as here, the summaries will aid the jury in organizing the information contained in a large number of documents into understandable form. *Swallow v. United States*, 307 F.2d 81, 84 (10th Cir. 1962) (summaries approved in cases involving complicated documentary proof); *Behrens*, 689 F.2d at 161-62. Rule 1006 treats properly admitted summaries as evidence in their own right rather than just presentations of other evidence in a more coherent form, as long as the underlying evidence is admissible. *Samaniego*, 187 F.3d at 1223-24.

Disclosure of a summary witness's anticipated testimony is not required under either the Federal Rules of Criminal Procedure or the Federal Rules of Evidence. Even so, the United States makes this disclosure as a courtesy, expressly reserving its right to revise the subject matter of Mr. Pacheco's summary testimony. The United States has produced voluminous financial records that are broad in scope and relate to multiple financial accounts.

Mr. Pacheco will provide summary testimony regarding the source and disposition of certain funds based upon financial records. His testimony will be accompanied by various summary charts he prepared to aid his testimony. His testimony will identify which financial records he relied upon, the source and use of funds, financial links between records, overall summaries of the accounts, and bank balance analyses for specific time periods. His "testimony [will] rest[] on the personal knowledge [he] gained during the course of [his] examination" of records obtained in this case. *United States v. Weaver*, 281 F.3d 228, 231 (D.C. Cir. 2002). The fact that he "performed 'routine computations and culling through of documents' to arrive at [his]

3

conclusions [does] not require [his] to be qualified as an expert" for this testimony. *Id*. (*citing United States v. Lemire*, 720 F.2d 1327, 1350 (D.C.Cir.1983)).

While reserving its right to revise the subject matter of Mr. Pacheco's testimony, the United States anticipates Mr. Pacheco may provide summary testimony regarding the following:

1. Mr. Pacheco's analysis largely rests on the bank accounts that received proceeds from the Small Business Administration ("SBA") Paycheck Protection Program ("PPP"). He may broadly describe that this program was established to help businesses keep their workforce employed during the COVID-19 crisis. The PPP loans and forgiveness of such loans were,

| Institution | Account No. | Account Title | Open Date (on or about) |
|---|---|---|---|
| Zions Bank | 979034162 | Mascaro Landscaping | 10/12/2017 |
| Zions Bank | 981717556 | Mascaro Animal Transport | 10/12/2017 |
| Zions Bank | 981717960 | Mascaro Animal Transport | 10/20/2017 |
| Key Bank | 440561003557 | Integrated Development Group LLC | 6/2/2020 |
| Key Bank | 440561003664 | Integrated Development Group LLC | 3/4/2021 |
| Key Bank | 440563008463 | Integrated Development Group LLC | 3/4/2021 |
| JP Morgan Chase | 719599703 | Simon Juhlin | 4/30/2021 |
| JP Morgan Chase | 3873239835 | Simon Juhlin | 5/3/2021 |

as such, reserved to be largely used to cover payroll and personnel costs. Mr. Pacheco may summarize activity from the below accounts, which may be broken down by postdate, location, amount, transaction type and/or payor name. Mr. Pacheco may also refer to signature cards and other documents used to open the below accounts.

2. Mr. Pacheco will calculate that Mascaro Landscaping, LLC ("Mascaro Landscaping") and Mascaro Animal Transport, LLC ("Mascaro Animal Transport"), two businesses owned and operated by Jacob Mascaro ("Mascaro"), received, in total, $1,523,332 in PPP loan proceeds.

3. Mr. Pacheco will calculate that Mascaro Landscaping received, in total, $242,082 in PPP loan proceeds. Mr. Pacheco will summarize the PPP loan proceeds originating from A10 Capital into Mascaro Landscaping Zions Bank account ending 4162, via wire transfers, in the amount of $121,041, on February 18, 2021 and April 15, 2021. Mr. Pacheco may provide demonstrative charts and tables to illustrate an overall disposition of those funds. Additionally, Mr. Pacheco may discuss the types of expenses and transactions observed, including, but not limited to the following:

   a. Withdrawals from Mascaro Landscaping Zions Bank account ending 4162, in the form of cashier checks, for the benefit of Premier Small Business Services, LLC (Count 8);

   b. Withdrawals from Mascaro Landscaping Zions Bank account ending 4162, in the form of cashier checks, for the benefit of Mascaro; and

   c. Withdrawals from Mascaro Landscaping Zions Bank account ending 4162, in the form of cashier checks, which were later deposited into Integrated Development Group Key Bank account ending 3664, an account in which Mascaro is an authorized bank account signer (Count 9);

4. Mr. Pacheco will calculate that Mascaro Animal Transport received, in total, $1,281,250 in PPP loan proceeds. Mr. Pacheco will summarize the PPP loan proceeds originating from

A10 Capital into Mascaro Animal Transport Zions Bank account ending 7556, via wire transfers, in the amount of $640,625, on March 4, 2021 and April 15, 2021. Mr. Pacheco may provide demonstrative charts and tables to illustrate an overall disposition of those funds. Additionally, Mr. Pacheco may discuss the types of expenses and transactions observed, including, but not limited to the following:

   a. Withdrawals from Mascaro Animal Transport Zions Bank account ending 7556, in the form of cashier checks, for the benefit of Mascaro; and

   b. Withdrawals from Mascaro Animal Transport Zions Bank account ending 7556, in the form of cashier checks, which were later deposited into Integrated Development Group Key Bank account ending 3664, an account in which Mascaro is an authorized bank account signer (Counts 10-11).

5. Mr. Pacheco may summarize the PPP proceeds traced to Integrated Development Group Key Bank account ending 3664, an account in which Mascaro is an authorized bank account signer. Mr. Pacheco may provide demonstrative charts and tables to illustrate an overall disposition of the traced PPP proceeds. Additionally, Mr. Pacheco may discuss the types of expenses and transactions observed, including, but not limited to the following:

   a. Transfers from Integrated Development Group Key Bank account ending 3664 to other Integrated Development Group Key Bank accounts;

   b. Withdrawals from Integrated Development Group Key Bank account ending 3664 for the benefit of Mascaro;

    c. Withdrawals from Integrated Development Group Key Bank account ending 3664 for the purpose of purchasing various assets, including a 5th Wheel Recreational Vehicle owned and used by Mascaro; and

    d. Withdrawals from Integrated Development Group Key Bank account ending 3664 for the benefit of other individuals and companies which do not appear to be linked to personnel costs of Mascaro Landscaping and Mascaro Animal Transport.

**<u>Rule 16(a)(1)(G) Qualifications</u>**

Mr. Pacheco's qualifications and training are included in their curriculum vitae (CV), which is attached as Attachment A. Mr. Pacheco is a Certified Public Accountant ("CPA") and a Certified Fraud Examiner ("CFE"). Since 2023, Mr. Pacheco has been employed by the Federal Bureau of Investigation ("FBI") as a Forensic Accountant. In his role, he has experience in reviewing, compiling, and examining financial data, reporting his findings, and preparing summary charts. He has been primarily engaged in complex white-collar criminal investigations, including investigations involving, investment fraud, loan fraud, fraud against the government, and money laundering. Prior to his FBI employment, Mr. Pacheco did accounting work in the private sector for over six years. In that capacity, Mr. Pacheco conducted audit work and performed forensic accounting services for clients. Mr. Pacheco's qualifications are set forth in detail in his CV.

At trial, Mr. Pacheco will testify regarding the source and disposition of funds that flowed through the financial accounts and transactions in this matter. He will also describe certain accounting concepts and interpret bank documentation. These opinions will provide context and help the jury understand the nature of the transactions, financial records, and summary exhibits, including:

1. <u>Accounting methods such as the proportional method, Last-In First-Out (LIFO), and First-In First-Out (FIFO)</u>. A description of an applied accounting methodology may be relevant when Mr. Pacheco's testimony discusses tracing deposits into outflows of funds. For many of the transactions, the balances within a given bank account prior to the date of deposit were low, which thereby allows Mr. Pacheco to directly trace a given deposit into subsequent withdrawal(s). In such cases, accounting methods are generally not relevant. When there is a sizable balance prior to a given deposit or if the deposit is commingled with other deposits on the same day, Mr. Pacheco may rely on the proportional method, LIFO, or FIFO to explain proportion of PPP funds within a given withdrawal. The United States may also ask Mr. Pacheco to describe how he made determinations about the nature or source of incoming funds as well as determinations about the destination and classification of outgoing funds.

Mr. Pacheco has no publications in the last ten years.

Pursuant to Rule 16(a)(1)(G)(iii), Mr. Pacheco has not testified as an expert at trial or deposition, over the last four years.

Pursuant to Rule 16(a)(1)(G)(v), Mr. Pacheco has reviewed this summary and filing, and has approved this filing. Furthermore, Mr. Pacheco has electronically signed this filing here:

<u>/S/ Timothy Pacheco</u>
Timothy Pacheco, Forensic Accountant, FBI

This filing is submitted pursuant to Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure.

DATED this 3rd of December, 2024.

TRINA A. HIGGINS
United States Attorney

*/s/ Brian Williams*
BRIAN WILLIAMS
Assistant United States Attorney
