R. Blake Hamilton (11395)
**DENTONS DURHAM JONES PINEGAR P.C.**
111 S. Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: (801) 415-3000
blake.hamilton@dentons.com
*Attorney for Defendant*

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>JACOB MASCARO,<br><br>Defendant. | **UNOPPOSED MOTION TO CONTINUE JURY TRIAL AND EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**<br><br>Case No. 2:23-cr-00444-DBB<br><br>Judge David Barlow |

Defendant JACOB MASCARO, through counsel, moves this Court pursuant to 18 U.S.C. § 3161, *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and DUCrimR 12-1(m) for an order continuing the 4-day Jury Trial, which is scheduled to begin September 18, 2026. Counsel for the United States does not oppose this motion. This motion provides the factual assertions demonstrating the reason for and necessity of the requested 120-day continuance.

BACKGROUND

The Speedy Trial Act in this case was activated due to the Initial Appearance of Mr. Mascaro before the Court on December 19, 2023. See Dkt. Entry 13. At that time, a 4-day Jury Trial was scheduled to begin on February 26, 2024, within the 70-day time period. Id. From February 26, 2024, until the present time, the Court has issued multiple orders continuing the

trial date and excluding time under the Speedy Trial Act, with trial currently scheduled to begin on September 18, 2026. See Dkt. Nos. 28, 33, 39, 46, 55, 59, 69, and 72.

SUPPORTING FACTORS FOR THE CONTINUANCE

Mr. Mascaro requests an “ends of justice” continuance because the failure to grant a continuance would deny counsel reasonable time under 18 U.S.C. § 3161(h)(7)(A), (B)(i)-(iii), (iv), as the additional time is necessary for effective preparation, even with the exercise of due diligence. This case involves complex financial discovery. The defense has retained a forensic accountant to assist in the analysis of the case. The United States also intends to rely on an FBI forensic accountant regarding the case’s complexity which justifies the need for a defense expert.

Furthermore, upon initial review of the evidence produced, the forensic accountant for Mr. Mascaro has advised that a thorough analysis requires obtaining additional financial records not produced by the United States. Counsel must therefore prepare subpoenas to multiple financial institutions. The subpoenas seek extensive records for at least eight related business entities, monthly statements, wire and ACH transfer records, copies of checks, deposit and withdrawal items, account applications, and signature cards for the period January 1, 2021, through March 31, 2023. Obtaining and analyzing these voluminous records is critical for the defense and will require substantial time for both counsel and the expert.

Additionally, after issuing subpoenas to the relevant financial institutions, the forensic accountant’s review of the bank records has uncovered evidence of forgery by a third party. Specifically, certain documents appear to bear signatures that were not made by Mr. Mascaro. In light of this discovery, the defense must retain a handwriting expert to examine the potentially forged documents and render an opinion regarding their authenticity. This development, from the

defense perspective, is an important step to prepare for trial, as evidence of third-party forgery directly impacts Mr. Mascaro's defense and the determination of culpability in this matter. The time necessary to engage an appropriate expert, conduct the handwriting analysis, and incorporate the findings into the defense strategy further supports the need for additional preparation time.

Since the Court's most recent continuance order (Dkt. No. 72), the defense has been working through an effort to obtain specific financial and bank records for analysis by the handwriting expert. Unexpected delays arose because the records from the first Notice of Compliance (NOC1) needed to be provided again, which was only recently completed. There have also been delays in receiving certain third-party records responsive to defense subpoenas. For these reasons, the defense needs another 120 days to complete these efforts and adequately prepare for trial.

Counsel represents that he has conferred with Mr. Mascaro about this motion and the reasons for seeking a continuance. Mr. Mascaro understands that the time requested in the continuance may be excluded from any calculation of time under the Speedy Trial Act and with this understanding and knowledge, agrees to the filing of the motion. The United States does not object to the continuance and will not be hindered or prejudiced by the delay. The continuance is not based on congestion of the court's calendar, lack of diligent preparation on the part of the parties' attorneys, or failure on the part of the United States to obtain available witnesses. Failure to grant such a continuance would result in a miscarriage of justice and deny Mr. Mascaro the reasonable time necessary for pretrial preparation, taking into account the exercise of due diligence, under 18 U.S.C. § 3161.

The Court should find that it would be unreasonable to expect adequate preparation for pretrial proceedings and for trial within the time limits prescribed by the Speedy Trial Act. Moreover, failure to grant the additional time requested herein would deny counsel and the United States the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

CONCLUSION

For the reasons stated above, Mr. Mascaro requests a continuance of 120 days from the scheduled trial date. The ends of justice served by granting this continuance outweigh the best interests of the public and Mr. Mascaro in a speedy trial. The time between September 18, 2026, and the new trial date should be excluded from speedy trial computation pursuant to 18 U.S.C. § 3161(h)(7)(A), (B)(i)-(iii), (iv).DATED:

August 18, 2026.

**DENTONS DURHAM JONES PINEGAR P.C.**

/s/ *R. Blake Hamilton*
R. BLAKE HAMILTON
*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on August 18, 2026, by means of electronic filing with the court, which provided notice to the following:

Brian J. Williams
Travis K. Elder
U.S. ATTORNEY'S OFFICE
111 S. Main St., Suite 1800
Salt Lake City, Utah 84111
brian.williams5@usdoj.gov
travis.elder@usdoj.gov

/s/ *Dawn Veree Marshall*
DAWN VEREE MARSHALL
Legal Administrative Assistant